No. 2150

Second Circuit

LINDSAY CO v. CHAMBERS

(Apr. 8, 1927.   Opinion and Decree.)

(*Syllabus by the Court*)

1.  **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court as to matters
of fact, unless clearly erroneous, will
be affirmed.

Appeal from the City Court of the City
of Shreveport, La.   Hon. David E. Samuels,
Judge.

Action by The Lindsay Company, Inc.,
against J. A. Chambers.

There was judgment for plaintiff and
defendant appealed.

Judgment affirmed.

Wallace, Lyons ·& Peters, of Shreveport,
attorneys for plaintiff, appellee.

E. W. & P. N. Browne; F. O. Chavez, of
Shreveport, attorneys for defendant, appel-
lant.

STATEMENT OF FACTS

REYNOLDS, J.   This is a suit on an
open account for a balance of $134.25, for
office stationery ordered by plaintiff for
defendant at the latter's request.

Defendant denied liability and especially
alleged that he did not order the quantity
of stationery tendered to him by plain-
tiff; that plaintiff promised to submit a
proof of the embossing and of the printing
and that none was submitted and that the
work was unsightly and unsatisfactory.

On these issues the case was tried and
there was judgment for the plaintiff and
defendant appealed.

OPINION

The question to be decided in this case
is one of fact, namely, whether the sta-
tionery tendered by the plaintiff to defend-
ant and refused by him was in quantity
and quality as ordered by defendant.

J. L. Lindsay, the president of the plain-
tiff testified positively that the stationery
was ordered by defendant and that both in
quantity and quality it was as ordered by
defendant.

Defendant swears positively to the con-
trary.

The testimony of Mr. Lindsay is cor-
roborated by that of Mr. M. A. Reinberger,
pages 28, 29, 30.

"Q.  Were you present when Mr. Cham-
bers called at the office when this matter
was—this material was ready to be deliv-
ered to him?
"A.  Yes, sir.
"Q.  Did Mr. Chambers make any state-
ments in your presence about that mate-
rial?
"A.  Yes, sir.
"Q.  What did he state?
"A.  I had him back in the shipping de-
partment.  We had the stuff in a big crate
ready to deliver at his office.  We called
him on the phone to find out where to
deliver it.  He came down there and said
that the embossed work was not what he
wanted.  I asked him about the others,
and he said:  'It is all right.'  I said,
'Where shall we deliver it?'  He said that
he was either going to Dallas or Fort
Worth and that when he came back he
would give us delivery instructions on it.
                    *   *   *
"Q.  Did he see the stationery sitting on
the floor there?
"A.  Yes, sir.  He said:  'You sure have
got lots of it, haven't you?'
                    *   *   *

"Q. Did he say anything about the amount, whether there should be ten thousand or one thousand?

"A. No, sir.

\* \* \*

"Q. Did he state that he had not ordered that much material?

"A. No, sir. He advised me that when he came off his trip he would let us know where to deliver and I reported those instructions to the office."

This testimony strongly corroborates that of the president of plaintiff, Mr. Lindsay.

As to the embossed stationery, plaintiff admits it was ordered but contends it was not a first class job.

Mr. Lindsay swears positively that it was just as defendant ordered it.

The testimony of one of these witnesses sets off that of the other and leaves nothing proved on the point. The credibility of neither of the witnesses is impeached.

It therefore follows that defendant having ordered the stationery had either to accept and pay for it or prove that in quality it was not as ordered. This, defendant failed to do.

The trial court heard the witnesses testify and observed their manner of testifying and decided the question of fact in favor of the plaintiff. We cannot say that his judgment was erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.